Mark A. Wagner, Utah Bar No. 06353
Seyfarth Shaw LLP
975 F Street, N.W.
Washington, DC 20004
Telephone: (202) 463-2400
E-mail: mawagner@seyfarth.com
*Counsel for Defendant*

C. Ryan Morgan, Esq. *(Pro Hac Vice)*
Florida Bar No.: 0015527
Jolie N. Pavlos, Esq. *(Pro Hac Vice)*
Florida Bar No.: 0125571
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
Orlando, FL 32802-4979
Telephone:    (407) 420-1414
Email: RMorgan@forthepeople.com; jpavlos@forthepeople.com

*Counsel for Plaintiff*

APRIL L. HOLLINGSWORTH (Bar No. 9391)
HOLLINGSWORTH LAW OFFICE, LLC
40 South 600 East
Salt Lake City, Utah 84102
Telephone: 801-415-9909
april@aprilhollingsworthlaw.com

*Local Counsel for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| Charles Brown,<br><br>          Plaintiff,<br><br>  v.<br><br>Wasatch Valley Pizza, LLC,<br><br>          Defendant. | **JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AND DISMISSAL OF PLAINTIFFS' CLAIMS**<br>CASE NO: 2:25-cv-00180-DBB-DBP<br><br>Judge David Barlow |

Plaintiff Charles Brown and Defendant Wasatch Valley Pizza, LLC (collectively the "Parties") jointly move the Court to approve the settlement entered between Plaintiff and

Defendant which is submitted in conjunction with this Joint Motion to the Court for in camera inspection. In support of the Motion, the Parties state as follows:

1. On November 1, 2024, Plaintiff Charles Brown filed this action under the Fair Labor Standards Act ("FLSA"), in which Plaintiff sought recovery for minimum wages allegedly due and owing to him and other similarly situated employees of Defendant.

2. On joint motion, the parties agreed to transfer the action to this Court on March 10, 2025.

3. Plaintiff was a pizza delivery driver at one of Defendant's Pizza Hut franchise locations in Utah. Plaintiff alleges that Defendant failed to pay him the federal minimum wage in some or all of his workweeks when accounting for the costs he incurred operating his personal car in connection with delivering food to Defendant's customers.

4. Defendant denies Plaintiff's allegations and dispute Plaintiff is owed any wages or entitled to any recovery under the FLSA. Defendant maintains that it has a lawful policy and practice for reimbursing Plaintiff (and other delivery drivers) all reasonable and necessary expenses incurred for pizza deliveries. Specifically, Defendant pays each driver a lump sum for every delivery made within a specified trade zone or delivery area. The amount of the per delivery lump sum was the result of analysis performed by an outside consulting firm, Runzheimer International ("Runzheimer"), and accounts for the costs of gasoline, liability insurance, depreciation of the value of the vehicle, and routine maintenance or repair. Defendant also contends that Plaintiff's deliveries were made within a small designated trade zone or trade area—Plaintiff testified in deposition that 40% of his deliveries were a mile or less. More importantly, Plaintiff earned $10 an hour ($2.75 above the federal minimum wage) while working inside the

store and $8 an hour ($0.75 above the federal minimum wage) while making pizza deliveries. Plaintiff testified that he spent 71% of his time inside the store earning $10 an hour. As a result, Defendant contends that Plaintiff's effective hourly rate exceeded the federal minimum wage by several dollars, and that any allegedly unreimbursed business expenses were insufficient to reduce the rate below the federal minimum.

5. Following extensive negotiations (including a full-day mediation) between counsel for Defendant and counsel for Plaintiff, as well as informal and formal discovery (Plaintiff's deposition and written discovery), the Parties have reached a mutually satisfactory settlement to resolve Plaintiff's individual claims.

6. "Courts follow a three-step inquiry in determining whether to approve an FLSA settlement. First, the court determines 'whether the settlement resolves a bona fide dispute.' Second, if the dispute is bona fide, the court assesses whether the settlement is fair and reasonable to the parties involved. And third, the court determines whether the proposed settlement contains a reasonable award of attorneys' fees." *Bingham v. doTERRA Intl., LLC*, No. 2:23-CV-00707-DBB-DBP, 2025 WL 1474036, at *1 (D. Utah May 22, 2025) (quoting *Keel v. O'Reilly Auto Enters., LLC*, No. 2:17-CV-667, 2018 WL 10509413, at *2 (D. Utah May 31, 2018).

7. However, where the plaintiff does not compromise his or her claim, the settlement is ***necessarily*** a "fair and reasonable resolution of a bona fide dispute over FLSA provisions," and the court need not scrutinize the settlement any further. *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352 (11th Cir. 1982); *Mackenzie v. Kindred Hosps. E., LLC*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003) (noting that where the employer offers the plaintiff full compensation on his FLSA claim, no compromise is involved and judicial approval is not required).

5

8. Although the Parties agree a bona fide dispute exists, the Parties represent that the proposed settlement is not a compromise of Plaintiff's claims. Rather, to avoid further litigation, Defendant has agreed to fully resolve all of Plaintiff's claims, including liquidated damages. The Parties also separately negotiated and agreed upon a sum to be paid to Plaintiff's counsel for the reasonable fees and costs incurred in this litigation.

9. The Settlement Agreement and Release (the "Agreement") entered into between Defendant and Plaintiff has been submitted to the Court for in camera inspection. Courts in this district have accepted such settlement agreements for in camera review before approval and dismissal under comparable circumstances. *See, e.g.*, *Rodgers v. Employer Solutions Group et al.*, No. 2:20-cv-00188-DB, ECF Nos. 12-13 (D. Utah Aug. 20, 2020) (motion indicating settlement paper submitted in camera; order approving and dismissing case following reviewing the terms and conditions of the settlement).

10. Upon approval of the Agreement, the Parties further request the dismissal of Plaintiff's claims with prejudice, with each party to bear its or his own costs and attorneys' fees.

WHEREFORE, for the foregoing reasons, Plaintiff and Defendant respectfully request that this Court enter an Order approving the Settlement Agreement and Release, as a fair and reasonable resolution of a bona fide dispute under the FLSA between Defendant and Plaintiff, and dismiss with prejudice the claims in this lawsuit in their entirety with each party to bear its or his own costs and attorneys' fees. The Parties further stipulate that the Court shall retain jurisdiction to enforce their settlement.

DATED: September 25, 2025    SEYFARTH SHAW LLP

                By: */s/ Mark A. Wagner*
                   Jon D. Meer
                   Mark A. Wagner
                   Leo Q. Li
                   Alexander W. Simon
                   Justin J. Jackson

                Attorneys for Defendant
                WASATCH VALLEY PIZZA, LLC

DATED: September 25, 2025    MORGAN & MORGAN, P.A.

                By: */s/ C. Ryan Morgan*
                   C. Ryan Morgan*
                   Jolie N. Pavlos*
                   April L. Hollingsworth

                   *Pro hac vice
                   *Filed with express consent

                ATTORNEYS FOR PLAINTIFF
                CHARLES BROWN